# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:18CV-P130-JHM

**ALBERT F. GREEN**                                                                                       **PETITIONER**

**v.**

**OHIO COUNTY, KY**                                                                                       **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Albert F. Green initiated this *pro se* 28 U.S.C. § 2254 habeas corpus action. The Court entered an Order on September 4, 2018, granting Petitioner's application to proceed without prepayment of fees and ordering him to re-file his petition (DN 5). However, on September 19, 2018, the mailing was returned by the United States Postal Service marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 6).

Upon filing the instant action, Petitioner assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a litigant fails to prosecute or to comply with an order of the court.[1] *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does

---
[1] Rule 12 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Petitioner apparently no longer resides at the address he provided to the Court, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by Respondent in this action can be served on Petitioner. Because Petitioner has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:   November 8, 2018

                                                **Joseph H. McKinley, Jr., Chief Judge**
                                                    **United States District Court**

cc:     Petitioner, *pro se*
        Ohio County Attorney
4414.010